[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12240

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT LEWIS MORGAN,
a.k.a. Albert Johnson,
a.k.a. Arthur Wilson,
a.k.a. Edward Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20652-RAR-1

_____

Before WILSON, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Robert Morgan, a federal prisoner proceeding *pro se*, appeals the district court's omnibus order denying several post-judgment motions. Morgan argues that his guilty plea was not knowing and voluntary because he did not understand the true nature of the offenses to which he pleaded guilty and that his judgment should be vacated because the district court lacked jurisdiction, as he could not have conspired with himself. Additionally, Morgan filed a self-styled motion for issuance of a petition for writ of mandamus, arguing that we should grant the relief requested in his initial brief because the government did not file a timely response, and a self-styled motion for summary judgment, contending there was no genuine dispute as to any material fact because the record showed that his guilty plea was not knowing and voluntary. The government responds by moving for summary affirmance of the district court's order and for a stay of the briefing schedule. The government argues that because Morgan specifically designated in his notice of appeal the denial of his motions to reopen the forfeiture proceedings and for the return of the $8,126 that he forfeited

but did not address those motions in his brief on appeal, he has abandoned any challenge to that ruling and we should summarily affirm.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

An appellant fails to adequately brief a claim when he does not "plainly and prominently" raise it, such as by devoting a discrete section of his argument to those claims. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted).

*Pro se* pleadings are held to a less stringent standard than attorney-drafted pleadings and are, therefore, liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Although we liberally construe *pro se* pleadings, it nevertheless requires them to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, the leniency afforded *pro se* litigants with liberal construction does not give a court license to serve as *de facto* counsel or permit it to rewrite an otherwise deficient pleading to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Prior to December 1, 2021, Fed. R. App. P. 3(c) provided that a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B) (effective Dec. 1, 2019, to Nov. 30, 2021). Interpreting this version of Rule 3(c), we held that "when a notice of appeal designates the final, appealable order—and does not identify specific parts of that order for appeal—we have jurisdiction to review that order and any earlier interlocutory order that produced the judgment." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 724–25 (11th Cir. 2020). We recognized, however, that "this rule continues to acknowledge that a notice of appeal that identifies a specific part of a designated order for appeal does not confer jurisdiction to review unmentioned parts of the order." *Id.* at 725.

As of December 1, 2021, Rule 3(c) now states that a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken" and that "[a]n appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal." Fed. R. App. P. 3(c)(1)(B), (6) (effective Dec. 1, 2021). The Supreme Court ordered that these amendments "shall take effect on December 1, 2021, and shall govern in all proceedings in appellate cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Proposed Amendments to the Fed. R. App. P., Rules 3 and 6 and Forms 1 and 2, 337 F.R.D. 813, 814 (U.S. April 14, 2021).

A defendant may withdraw a guilty plea after the court accepts the plea but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). But after the district court imposes sentence, a defendant may not withdraw a plea of guilty, and the plea may be set aside only on direct appeal or collateral attack. Fed. R. Civ. P. 11(e).

Here, we grant the government's motion for summary affirmance and deny Morgan's self-styled motion for summary judgment, which we construe as a motion for summary reversal. Morgan's July 2021 notice of appeal specifically designated the denials of the motions to reopen forfeiture proceedings and for return of the unlawfully seized property contained in the district court's omnibus order. Under our caselaw interpreting the version of Rule 3 in effect prior to the 2021 amendments, we lack jurisdiction to review unmentioned parts of the district court's omnibus order, such as the parts of the order addressing his motion to withdraw his guilty plea, because Morgan's notice of appeal identified other specific parts of the district court's omnibus order for appeal. *Auto. Alignment & Body Serv., Inc.*, 953 F.3d at 725. In his initial brief, Morgan argues only that his guilty plea was not knowing and voluntary and that the district court lacked jurisdiction to consider the charges against him under 21 U.S.C. § 963 and, in no part, challenges any of the grounds related to his forfeiture motions. Thus, Morgan has abandoned on appeal his challenge to the district court's denial of his motion to reopen forfeiture proceedings and

his motion for return of unlawfully seized property. *Sapuppo*, 739 F.3d at 681.

Even if we construed Morgan's appeal to encompass his motion to withdraw his guilty plea under the newly amended version of Rule 3(c), which would require Morgan to have included an express statement in his notice of appeal to limit the scope of his appeal to solely the denial of the two forfeiture motions, his appeal of the motion to withdraw is frivolous. Fed. R. App. P. 3(c)(6) (effective Dec. 1, 2021). A defendant cannot withdraw his guilty plea after the court imposes sentence and may have the plea set aside only on direct appeal or collateral attack. Fed. R. Civ. P. 11(e). As Morgan has already had his convictions affirmed by this Court on direct appeal and has an appeal of his 28 U.S.C. § 2255 motion pending with this Court, he could not raise a non-frivolous argument that the district court erred by not allowing him to withdraw his guilty plea under his post-judgment motion to withdraw. Fed. R. Civ. P. 11(e); *Morgan*, 713 F. App'x at 829.

Accordingly, because Morgan failed to challenge on appeal the district court's orders regarding his forfeiture motions and his appeal of his motion to withdraw his guilty plea, if within the scope of his appeal, is frivolous, the government's motion for summary affirmance is GRANTED, its motion to stay the briefing schedule is DENIED as moot, and Morgan's motion for summary reversal is DENIED. *Groendyke Transp.*, 406 F.2d at 1162; *Sapuppo*, 739 F.3d at 681.

21-12240                Opinion of the Court                7

Additionally, we deny Morgan's self-styled motion for issuance of a petition for writ of mandamus because it is without merit. The government received an extension from the Clerk of Court to file its response to Morgan's initial brief by September 21, 2021, and it filed its motion for summary affirmance on September 17, 2021, before the expiration of the extended deadline. Accordingly, Morgan's motion is DENIED.